UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **CHRISTIAN BRUCKNER**, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>**JOSEPH R. BIDEN, JR.**, *et al.*,<br><br>**Defendants.** | Case No. 8:22-cv-1582-KKM-SPF |

### DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE A REPLY

Defendants move for leave to file a reply brief of not more than seven pages in support of their Motion to Dismiss Plaintiffs' Complaint, ECF No. 31, and to address authorities and assertions raised in Plaintiffs' Response in Opposition to Motion to Dismiss, ECF No. 36 (Opposition). If the Court grants this motion, Defendants propose filing their reply brief by November 1, 2022—14 days after the filing of Plaintiffs' Opposition—to prevent any prejudice to Plaintiffs and to allow the Court sufficient time to review it before the Court's November 7, 2022 hearing.

### LEGAL MEMORANDUM

This Court has broad discretion to grant leave to file a reply. *See* Local Rule 3.01(d). Here, Defendants seek leave of Court to file a reply to respond to authorities and assertions raised in Plaintiffs' Opposition, including:

1. Plaintiffs' reliance on *Northeastern Florida Chapter of the Associated General*

*Contractors of America v. City of Jacksonville*, 508 U.S. 656 (1993), is misplaced. *See* Opp'n at 3–5. Defendants will demonstrate that this case is based on a distinguishable program because unlike Jacksonville's city ordinance, the Infrastructure Investment and Jobs Act, Pub. L. 117–58, 135 Stat. 429 (Nov. 15, 2021) (the Infrastructure Act), does not operate by using set-asides, *see infra* (3), and Plaintiffs have not identified any ready and able bidders who are unable to compete on an equal basis but for the use of set-asides.

2.  Plaintiffs characterize the Infrastructure Act as having a "10% race-and-gender quota." Opp'n at 4. This is false. The Infrastructure Act reauthorizes the U.S. Department of Transportation's Disadvantaged Business Enterprise program (the DOT DBE program), which explicitly prohibits state and local contracting entities' use of "quotas for DBEs on DOT-assisted contracts." 49 C.F.R. § 26.43(a). There is no evidence that any Infrastructure Act recipient uses quotas and Defendants will demonstrate that the DOT DBE goal is aspirational.

3.  Plaintiffs' characterization of the Infrastructure Act as authorizing "$37 billion in set asides for women and certain racial groups," Opp'n at 7, is false. The Infrastructure Act reauthorizes the DOT DBE program, which prohibits the use of race- or gender-based set-asides except that only "in limited and extreme circumstances, [a recipient] may use set-asides when no other method could be reasonably expected to redress egregious instances of discrimination." 49 C.F.R. § 26.43(b). There is no evidence that any Infrastructure Act recipient has used, or intends to use, set-asides. There is evidence that multiple recipients use only race-

neutral means to achieve their DBE goals. For example, the Florida Department of Transportation meets its DBE goal in a race-neutral manner and "believes it can achieve its DBE goal on federally assisted contracts through normal competitive processes."[1] Defendants will demonstrate the race- and gender-neutral procedures a recipient must implement prior to using any race- and gender-conscious procedure, including locally set project-based DBE goals.

4. Plaintiffs state that Plaintiff Bruckner is not a "'socially and economically disadvantaged individual' because he does not fit into any of the racial and ethnic categories." Opp'n at 7. This is a misunderstanding of the DOT DBE program, which only creates a rebuttable presumption concerning social and economic disadvantage for certain minority and female business owners. It also permits any economically-qualified business owner to apply to be part of the DOT DBE program. 49 C.F.R. § 26.67(d) & Appendix E. Defendants will accurately describe the processes by which small businesses may qualify for participation in the DOT DBE program.

Defendants respectfully submit that good cause exists to permit Defendants to file a reply in this instance. For the foregoing reasons, Defendants request that the Court grant their Motion for Leave to File a Reply and permit the filing of a reply by November 1, 2022.

Dated: October 26, 2022                                   Respectfully submitted,

JOHN E. PUTNAM                                            KRISTEN CLARKE

---

[1] *See* Florida Department of Transportation Programs and Services, *available at* https://www.fdot.gov/equalopportunity/programsandservices.shtm (last visited on October 24, 2022).

| | |
|---|---|
| *General Counsel* | Assistant Attorney General |
| PAUL M. GEIER | Civil Rights Division |
|   *Assistant General Counsel* | |
|    *for Litigation and Enforcement* | KAREN D. WOODARD |
| PETER J. PLOCKI | Chief |
|   *Deputy Assistant General Counsel* | Employment Litigation Section |
|    *for Litigation and Enforcement* | Civil Rights Division |
| CHARLES E. ENLOE | |
|   *Senior Trial Attorney* | /s/ Robert Rich |
| U.S. Department of Transportation | ANDREW BRANIFF |
| | (IN Bar No. 23430-71) |
| | Deputy Chief |
| | ROBERT RICH |
| | (DC Bar No. 1016908) |
| | YOUNG CHOI |
| | (CA Bar No. 327027) |
| | Trial Attorneys |
| | Employment Litigation Section |
| | Civil Rights Division |
| | United States Department of Justice |
| | 950 Pennsylvania Ave., N.W. |
| | Washington, D.C. 20530 |
| | (202) 598-9898 |
| | Robert.Rich@usdoj.gov |
| | |
| | *Counsel for Defendants* |

## LOCAL RULE 3.01(g) CERTIFICATION

Defendants certify that they have conferred with Plaintiffs regarding the relief sought by this motion on October 24, 2022, via email. Plaintiffs indicated that they consent to Defendants' filing of a reply brief.

/s/ Robert Rich
ROBERT RICH

## **CERTIFICATE OF SERVICE**

I certify that, on October 26, 2022, I electronically filed a copy of the foregoing document with the Clerk of Court via CM/ECF, which will send a notice of electronic filing to all counsel of record.

/s/ Robert Rich
ROBERT RICH