UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTIAN BRUCKNER and
PROJECT MANAGEMENT CORP.,

    Plaintiffs,

v.　　　　　　　　　　　　　　　　　　Case No: 8:22-cv-1582-KKM-SPF

JOSEPH R. BIDEN, JR.,
MITCHELL J. LANDRIEU, and
PETER P. BUTTIGIEG,

    Defendants.
_____

# ORDER

To assist the fully informed resolution of Plaintiffs' motion for preliminary injunction and Defendants' motion to dismiss, the Court permits additional briefing on the regulatory scheme at issue and requests two clarifications from the parties.

First, both parties may submit briefing, not to exceed ten pages, describing how the DBE program operates with relevant statutory and regulatory citations. The parties should describe the authorization of funds by Congress and explain how state and local recipients award federally funded contracts. If a party elects to submit additional briefing, it should include an explanation of at least the following:

- how the Department of Transportation calculates the recipients' DBE goals and assesses whether the recipients are fulfilling their DBE goals;

- whether a recipient's DBE participation goal influences the amount of federal funds awarded under the Infrastructure Act;

- the race-neutral means used by recipients that employ only race-neutral means to award contracts;

- whether recipients and prime contractors are aware of a bidder's DBE status when determining whether to award a contract in a jurisdiction that uses exclusively uses race-neutral means;

- whether a subcontractor knows before bidding if the recipient or prime contractor is employing race-conscious means or race-neutral means to award subcontracts; and

- the certification process for a business to acquire DBE status, including which entities certify DBEs and whether a subcontractor must apply for DBE status in each locality where it intends to bid.

Second, Plaintiffs may clarify, in no more than two pages, whether their complaint challenges the federal DBE program as it applies to contracts awarded directly by the federal government and, if Plaintiffs contend that it does, why its allegations suffice to cover those federal contracts.

Third, Defendants may file a verified statement, certifying (1) whether there are localities that receive funding under the Infrastructure Act with a DBE goal of 0% and (2) whether there are federal agencies that receive funding from the Infrastructure Act with a DBE goal of 0%.

Accordingly, the following is **ORDERED**:

1. By **December 2, 2022**, both parties may file supplemental briefing, not to exceed ten pages, describing the administration and implementation process of the DBE program as outlined above.

2. By **December 2, 2022**, Plaintiffs may clarify, in no more than two pages, whether the Plaintiffs' complaint challenges the federal DBE program as it applies to direct contracting with the federal government.

3. By **December 2, 2022**, Defendants may file a verified statement, certifying whether there are localities or federal agencies receiving funding from the Infrastructure Act that have set a DBE goal of 0%.

**ORDERED** in Tampa, Florida, on November 21, 2022.

Kathryn Kimball Mizelle
United States District Judge