UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

_____

CHRISTIAN BRUCKNER, et al.,

          Plaintiffs,          Case No. 8:22-CV-1582-KKM-SPF

  v.

JOSEPH R. BIDEN, JR., et al.,

          Defendants.

_____

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**
_____

Plaintiffs' Verified Complaint challenges a single sentence in federal law: Section 11101(e)(3) of the Infrastructure Investment and Jobs Act, P.L. 117-58. This sentence contains unconstitutional race-and-gender-based classifications. Plaintiffs' requested remedy is therefore narrow and precise: an injunction preventing Defendants from enforcing and implementing this one sentence. While Defendants have offered a broad defense of a federal "Disadvantaged Business Enterprise" program, Plaintiffs' Verified Complaint only challenges Section 11101(e)(3), which contains a $37 billion race-and-gender preference. An injunction—and ultimately a declaration—will place Plaintiffs and Defendants in the same position as they were before November 15, 2021, when that Act became law.

Therefore, responding to the Court's inquiry, Plaintiffs' challenge to Section 11101(e)(3) includes "direct contracting with the federal government," Doc. 46:3, because some money flowing through Section 11101(e)(3) is authorized for contracting by federal agencies. For example, Section 11101(e)(3) applies to all funds appropriated under Division A of the Act, and that Division includes money to be spent directly by federal agencies through contracting. *See, e.g.*, Sections 11101(a)(3), 11112, 11113 (appropriating funds to federal lands); Section 11305 (direct contracting by "a federal land management agency").[1] The Verified Complaint's allegations cover direct contracting with the federal government because *all funding* covered in Section 11101(e)(3) is tainted by the unconstitutional classifications. *See* Doc. 1:¶¶ 6, 7, 15,

---

[1] *See also* https://www.fhwa.dot.gov/bipartisan-infrastructure-law/fltp_fact_sheet.cfm; https://www.fhwa.dot.gov/bipartisan-infrastructure-law/flap_fact_sheet.cfm.

1

16, 33, 36–37. And Plaintiffs allege that they are qualified, willing, and able to bid on contracts impacted by the unconstitutional classifications, whether such contracts are specifically offered by federal officials, states, or localities. *See* Doc. 1:¶¶ 6, 7, 35. Ultimately, a law that broadly affords special privileges to one race over another, no matter the particular application, violates equal protection, and "[t]he burden alone is sufficient to establish standing." *Orr v. Orr*, 440 U.S. 268, 273 (1979). Plaintiffs are unaware of any case requiring plaintiffs to identify the specific benefit he might have received but-for the government's discriminatory and categorical disqualifications. Rather, the Supreme Court has held that the opposite. *See e.g., Regents of Univ. of Cal. v. Bakke*, 438 U.S. 265, 280 (1978) (recognizing defendant's injury despite the fact that the quota only applied to a portion of incoming seats); *Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 508 U.S. 656, 659, 664 (1993) (rejecting idea that plaintiff must "refer to any specific contract or subcontract" that may have been awarded to establish injury); *Engineering Contractors Ass'n of S. Fla. v. Met. Dade Cnty.*, 122 F.3d 895, 901 (11th Cir. 1997) (invalidating minority program in which contracts were subject to committee determination on whether race-conscious methods should be applied, if at all).

Plaintiffs therefore clarify that the Verified Complaint challenges the Act as it applies to all contracts impacted by the classifications, including those contracts awarded directly by the federal government, and that the allegations in Doc. 1:¶¶ 1, 15, 16, 33, 36–37 are sufficient to cover all contracts.

2

Dated: December 2, 2022.

        WISCONSIN INSTITUTE FOR
        LAW & LIBERTY, INC.

        /s/ *Daniel P. Lennington*

        Richard M. Esenberg (*admitted pro hac vice*)
        Daniel P. Lennington (*admitted pro hac vice*)
        Katherine D. Spitz (*admitted pro hac vice*)
        Cara M. Tolliver (*admitted pro hac vice*)
        330 East Kilbourn Avenue, Suite 725
        Milwaukee, WI 53202
        Telephone: (414) 727-9455
        Facsimile: (414) 727-6385
        Rick@will-law.org
        Dan@will-law.org
        Kate@will-law.org
        Cara@will-law.org

        ABEL BEAN LAW P.A.
        Daniel K. Bean
        Jared J. Burns
        100 N. Laura Street, Suite 501
        Jacksonville, FL 32202
        Telephone: (904) 944-4100
        dbean@abelbeanlaw.com
        jburns@abelbeanlaw.com

        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that, on December 2, 2022, I electronically filed a copy of the foregoing document with the Clerk of Court via CM/ECF, which will send a notice of electronic filing to all counsel of record.

/s/ *Daniel P. Lennington*